**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM MARTIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEBRASKA FURNITURE MART INC. D/B/A NFM<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff, William Martin ("Plaintiff"), brings this action against Defendant, Nebraska Furniture Mart Inc. d/b/a NFM. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. This case arises from Defendant's transmission of multiple unauthorized text messages to cellular telephones during prohibited after-hours times and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights, even after consumers opt out from Defendant's messages.

4. Defendant is a furniture retail company that provides home furnishings, appliances and related products to consumers throughout the United States.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because

Plaintiff allege a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 (b) because Plaintiff resides within this district and (c) Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Central District of California and, on information and belief, Defendant has sent the same telemarketing text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Central District of California.

## PARTIES

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Orange County, California.

10. Plaintiff at all times relevant hereto was an individual and the sole subscriber of the residential telephone number ending in 8378 (the "8378 Number") that received Defendant's text message solicitations.

11. Defendant is a Nebraska corporation whose principal office address is at 700 S 72 ND St, Omaha, NE 68114.

12. Defendant directs, markets, and provides its business activities throughout the United States, including the State of California.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

14. On or about July 2016, Plaintiff began receiving telemarketing text messages from Defendant.

15. Approximately two years later, on or about July, 2018 Plaintiff opted out from Defendant's text messages.

16. Despite Plaintiff's opt out, Defendant continued to bombard Plaintiff with unwanted text messages beginning again on or about late 2018/early 2019 – well into 2025.

17. By way of example, on or about November 2023, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 8378 Number, including but not limited to those sent on: November 23, 2023, at 6:59 AM, December 20, 2023, at 7:40 AM, and December 27, 2023, at 7:55 AM (as shown below).

18. Each of these messages was sent in direct violation of federal after-hours restrictions, which prohibit telemarketing communications before 8:00 AM and after 9:00 PM local time—a pattern that would persist throughout Defendant's campaign, as shown below:


1:17
5G
291
41942
STOP to opt out
Nov 23, 2023 at 6:59 AM
NFM: Happy Thanksgiving! TODAY ONLY - Save $25 off online orders $249+ with code THGV23: https://nfm.mobi/3sA2tZn Reply HELP for help, STOP to opt out.
NFM: Happy Thanksgiving!
Text Message •...


1:18
5G
291
41942
Dec 20, 2023 at 7:40 AM
NFM: It's the LAST DAY to order in-stock items by 5pm for expected local delivery by Christmas! https://nfm.mobi/3Rr6IPp Reply HELP for help, STOP to opt out.
NFM: It's the LAST DAY to order in-stock
Text Message •...




19. Furthermore, Defendant continued sending unwanted telemarketing text messages to Plaintiff's number on or about September 2, 2024, at 7:59 AM, September 14, 2024, at 7:52 AM, September 18, 2024, at 7:58 AM, September 20, 2024, at 7:58 AM, September 25, 2024, at 7:58 AM as shown below:


12:49
41942
STOP to opt out
7:37 AM
Monday, September 2, 2024
NFM: Enjoy the break - Stores closed for Labor Day but you can still shop at https://nfm.mobi/3AJRCQm Reply HELP for help, STOP to opt out.
7:59 AM


12:49
41942
7:59 AM
Saturday, September 14, 2024
NFM: Act fast, deals this good don't last long - shop our weekly Super Deals: https://nfm.mobi/3MKavoX Reply HELP for help, STOP to opt out.
7:52 AM


12:49
41942
Wednesday, September 18, 2024
NFM: 2 DAYS ONLY! Wild Web Days - 52% Furniture & Rugs + Free Shipping on most items: https://nfm.mobi/3Xnrl1S Reply HELP for help, STOP to opt out.
7:58 AM


12:49
41942
Friday, September 20, 2024
NFM: Super Sale Weekend starts NOW! Up to 60% off Furniture + save on Appliances & Electronics https://nfm.mobi/3XOnV9H Reply HELP for help, STOP to opt out.
7:58 AM
Wednesday, September 25,


12:49
41942
Wednesday, September 25, 2024
NFM: The Employee Family Pricing Sale starts today! Save like family on hundreds of top products. https://nfm.mobi/3TDo6lV Reply HELP for help, STOP to opt out.
7:58 AM

20. On or about October 2024, Defendant continued this bombardment of unwanted text messages, including but not limited to October 8, 2024, at 6:09 AM, October 11, 2024, at 7:58 AM, October 22, 2024, at 7:54 AM and October 30, 2024, at 7:59 AM, as shown below:












21. The violation of Plaintiff's rights had been ongoing for years; nevertheless, in November 2024, Defendant continued its mass transmission of messages in disregard of Plaintiff's expressed wishes. On November 1, 2024, at 7:58 AM, November

8, 2024, at 7:58 AM, November 16, 2024, at 7:59 AM, November 20, 2024, at 7:59 AM, November 23, 2024, at 7:59 AM, November 28, 2024, and November 30, 2024, at 7:59 AM, Defendant sent additional unsolicited messages to Plaintiff, as shown below:







12:48
41942
STOP to opt out.
8:02 AM
Saturday, November 16, 2024
NFM: Get exclusive Black Friday Deals up to 65% off for a limited time! https://nfm.mobi/3Z7r6dc Reply HELP for help, STOP to opt out.
7:59 AM


12:48
41942
Wednesday, November 20, 2024
NFM: Shop Black Friday Deals early with hot priced items in every department. Save NOW! https://nfm.mobi/4hUEGrX Reply HELP for help STOP to opt out
7:59 AM




22. The harassment through text messages continued in December 2024. On or about December 2, 2024, at 7:46 AM, December 7, 2024, at 7:59 AM, December 9, 2024, at 7:59 AM, December 13, 2024, December 17, 2024, at 6:34 AM, December 20, 2024, at 7:59 AM, December 26, 2024, Defendant sent additional unsolicited

telemarketing text messages to Plaintiff, continuing this pattern of after-hours violations, as shown below:







12:47
41942
Monday, December 9, 2024
NFM: Take a break from the holiday hustle with 65" and larger TVs as low as $377 https://nfm.mobi/4f4bWdt Reply HELP for help, STOP to opt out.
7:59 AM
Friday, December 13, 202


12:47
41942
7:59 AM
Tuesday, December 17, 2024
NFM: LAST DAY! Order in-stock items by midnight 12/17 for expected local delivery by Christmas. https://nfm.mobi/4gwzrgp Reply HELP for help, STOP to opt out.
6:34 AM




23. Defendant's systematic disregard for federal regulations continued into January 2025, when Defendant sent telemarketing text messages to Plaintiff on, January 4, 2025, at 7:59 AM, January 7, 2025, at 7:59 AM, January 11, 2025, at 7:59 AM, January

15, 2025, January 18, 2025, at 7:59 AM, January 23, 2025, at 7:59 AM, January 26, 2025, at 7:59 AM and January 29, 2025, at 7:59 AM, as shown below:







12:45
41942
7:59 AM
Saturday, January 11
NFM: Act fast, these clearance deals are too good to last! https://nfm.mobi/3C6tuID Reply HELP for help, STOP to opt out.
7:59 AM
Wednesday, January 15


12:45
41942
STOP to opt out.
8:03 AM
Saturday, January 18
NFM: Make tonight a movie night - save up to $2000 on TVs & projectors https://nfm.mobi/42q3tP4 Reply HELP for help, STOP to opt out.
7:59 AM


12:45
41942
Thursday, January 23
NFM: Don't miss out on an everyday upgrade - up 45% off major appliances! https://nfm.mobi/4atPVnJ Reply HELP for help, STOP to opt out.
7:59 AM
Sunday, January 26


12:45
41942
7:59 AM
Sunday, January 26
NFM: You don't want to wait to open this, these Super Deals are going fast! https://nfm.mobi/3Eb4Hnq Reply HELP for help, STOP to opt out.
7:59 AM




24. In February 2025, Defendant persisted in sending telemarketing text messages to Plaintiff on February 5, 2025, at 7:59 AM, February 8, 2025, at 7:59 AM, February 13, 2025, at 7:59 AM, February 17, 2025, at 7:59 AM, February 19, 2025, at 7:59 AM, February 22, 2025, at 7:59 AM, February 26, 2025, at 7:59 AM, as shown below:


12:45
41942
Wednesday, February 5
NFM: You'll want to see this: Furniture marked at least 55 cents on the dollar! https://nfm.mobi/3Q3IE4N Reply HELP for help, STOP to opt out.
7:59 AM
Saturday, February 8


12:45
41942
Saturday, February 8
NFM: Don't miss out on the ultimate viewing experience! Save up to $2000 off TVs today! https://nfm.mobi/4aT7zS3 HELP for help, STOP to opt out.
7:59 AM
Thursday, February 13


12:45
41942
Thursday, February 13
NFM: Long weekends mean more time to save on furniture. Start here: https://nfm.mobi/3COCsun Reply HELP for help, STOP to opt out.
7:59 AM
Monday, February 17


12:45
41942
Monday, February 17
NFM: Don't miss our best deals for Presidents Day - Score some serious savings here: https://nfm.mobi/3EOsrOl Reply HELP for help, STOP to opt out.
7:59 AM
Wednesday, February 19


12:44
41942
out.
7:59 AM
Wednesday, February 19
NFM: Clear us out with these huge clearance savings! https://nfm.mobi/41nrzJK Reply HELP for help, STOP to opt out
7:59 AM
Saturday, February 22


12:44
41942
7:59 AM
Saturday, February 22
NFM: Last chance - Final weekend for furniture marked 55 cents on the dollar https://nfm.mobi/436uM1n Reply HELP for help, STOP to opt out
7:59 AM




25. The unlawful campaign extended into March 2025, when Defendant sent telemarketing text messages to Plaintiff on March 1, 2025, at 7:59, March 5, 2025, at 7:59, March 10, 2025, at 7:59, March 13, 2025, March 17, 2025, at 7:59, March 19, 2025, at 7:59, March 25, 2025, at 7:59, as shown below:


12:44
41942
Saturday, March 1
NFM: Prep for patio season! We have all the furniture your outdoor oasis needs. https://nfm.mobi/3XmH7em Reply HELP for help, STOP to opt out.
7:59 AM


12:44
41942
Wednesday, March 5
NFM: Snag our Super Deals while you still can - Take up to 75% off select items! https://nfm.mobi/3D7BsSu Reply HELP for help, STOP to opt out.
7:59 AM
Monday, March 10
NFM: Time is


12:44
41942
Monday, March 10
NFM: Time is running out! Save up to 55% on sofas, sectionals, & sleepers. Sale ends tomorrow! https://nfm.mobi/4kwd0ec Reply HELP for help, STOP to opt out.
7:59 AM
Thursday, March 13


12:43
41942
Sunday, March 16
NFM: Feeling lucky? Get up to 60% off recliners right now! https://nfm.mobi/3DwG5pp Reply HELP for help, STOP to opt out.
7:59 AM
Wednesday, March 19
NFM: At, Near,







26. The timing of Defendant's messages demonstrates a systematic pattern. Many of the text messages were sent between 7:57 AM and 7:59 AM—just minutes before the 8:00 AM threshold permitted under federal regulations—suggesting Defendant's use of automated software programmed to send messages at these precise times in deliberate circumvention of TCPA time restrictions.

27. This pattern of after-hours violations demonstrates Defendant's willful and knowing disregard for consumer protection laws and its deliberate choice to ignore federal time restrictions over an extended period.

28. This extraordinarily aggressive and persistent pattern of violations spanning nearly three years after the opt-out, demonstrates Defendant's systematic failure to maintain functional internal do-not-call procedures and its deliberate choice to ignore consumer opt-out requests over an extended period.

29. Defendant has the capability of immediately complying with Plaintiff opt-out requests.

30. As demonstrated by the above facts, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations and systematically fails to maintain any functional internal do-not-call procedures.

31. Defendant's refusal to honor opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

32. Defendant's refusal to honor opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

33. Defendant failed to place Plaintiff on an internal do-not-call list after opt-out instructions.

34. Defendant's refusal to honor opt-out request demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

35. Defendant's refusal to honor opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

36. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent

to Plaintiff as reflected by the fact that Plaintiff made a clear opt-out request, yet his request was ignored by Defendant and its employees and Defendant continued to send text messages nearly three years later.

37. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

38. Indeed, Plaintiff and the class members opt-out requests were not honored within a reasonable time from when the opt-out request was made.

39. Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

40. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's home furnishing products .

41. The information contained in the text messages advertise Defendant's various discounts and promotions, which Defendant sends to promote its business.

42. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(1).

43. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(2).

44. Defendant sent the subject texts from within this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

45. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

46. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted after opting out.

47. Neither Plaintiff has an existing business relationship with Defendant.

48. To the extent Defendant obtained valid written express consent to contact Plaintiff for marketing purposes, any such consent was expressly revoked in or about July 2018 when Plaintiff sent a clear and unambiguous opt-out message.

49. Plaintiff is the subscriber and sole user of the 8378 Number and is financially responsible for it.

50. Plaintiff's 8378 Number is his residential number which he uses for personal purposes.

51. Plaintiff registered his 8378 Number with the national do-not-call registry on June 8, 2021, and has been registered at all times relevant to this action.

52. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

53. The text messages originated from the telephone short code number 41942, which is owned and operated by Defendant or on behalf of Defendant.

54. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff and the Class members inbound opt-out requests.

55. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion,

trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

56. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

57. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text messages. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

### PROPOSED CLASS

58. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

59. Plaintiff brings this case on behalf of the Classes defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

> **<u>National Internal Do Not Call Class</u>: From four years before the filing of the Complaint, all persons in the United States who (1) were sent more than one text message by or on behalf of Defendant within any 12-month period; (2) regarding Defendant's goods or services, to said person's cellular telephone number; and (3) while Defendant did not maintain the required procedures under 47 C.F.R. § 64.1200(d) for maintaining a list of persons who request not to receive such calls.**

> **<u>After-Hours Violation Class</u>: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf between the hours of 9:00 PM and 8:00 AM in the recipient's local time zone, in violation of 47 C.F.R. § 64.1200(c)(1).**

60. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believe the Class members number in the several thousands, if not more.

**<u>Numerosity</u>**

61. Upon information and belief, Defendant has placed telephonic sales texts to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent, during prohibited after hours times, and/or after they had requested to opt-out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

62. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

**<u>Common Questions of Law and Fact</u>**

63. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a. Whether Defendant initiated telephone solicitations to Plaintiff and the Class members;

b. Whether Defendant violated 47 C.F.R. § 64.1200(c) by sending text messages to numbers on the Do Not Call Registry;

c. Whether Defendant violated 47 C.F.R. § 64.1200(d);

d. Whether Defendant violated 47 C.F.R. § 64.1200(c)(1) by sending text messages during prohibited after-hours times;

e. Whether Defendant keeps records of text recipients who revoked consent to receive texts;

f. Whether Defendant's conduct was knowing and willful;

g. Whether Defendant is liable for damages, and the amount of such damages; and

h. Whether Defendant should be enjoined from such conduct in the future.

64. The common questions in this case are capable of having common answers. If Plaintiff claims that Defendant routinely transmits telephone solicitations and telemarketing messages to consumers after they had requested to be opted out, during prohibited after hours times, and/or while they were registered on the DNC Registry, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**Typicality**

65. Plaintiff claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**Protecting the Interests of the Class Members**

66. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**Proceeding Via Class Action is Superior and Advisable**

67. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

68. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA 47 U.S.C. § 227**
**(On Behalf of the Plaintiff and the Do Not Call Registry Class)**

69. Plaintiff repeats and re-alleges paragraphs 1 through 68 of this Complaint and incorporates them by reference herein.

70. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national

do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

71. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

72. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

73. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

74. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

75. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

76. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**

**<u>Violation of the 47 U.S.C. § 227(c)(2)</u>**

**(On Behalf of Plaintiff and the National Internal Do Not Call Class)**

77. Plaintiff re-alleges and incorporates paragraphs 1 through 68 as if fully set forth herein.

78. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

79. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a

> reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

80. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

81. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

82. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

83. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

84. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

85. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

86. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

87. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

88. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT III
## <u>Violation of the 47 U.S.C. § 64.1200(c)(1)</u>
## (On Behalf of Plaintiff and the After-Hours Violation Class)

89. Plaintiff re-alleges and incorporates paragraphs 1 through 68 as if fully set forth herein.

90. 47 C.F.R. § 64.1200(c)(1) provides that "[n]o person or entity shall initiate any telephone solicitation to: (1) Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)."

91. 47 C.F.R. § 64.1200(e) provides the rules set forth in 47 C.F.R. § 64.1200(c) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

92. Any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

93. Defendant violated 47 C.F.R. § 64.1200(c)(1) by initiating, or causing to be initiated, telephone solicitations to Plaintiff and the After-Hours Violation Class members during prohibited after-hours times, in the recipient's local time zones.

94. Defendant violated 47 U.S.C. § 227(c) because Plaintiff and the After-Hours Violation Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(c)(1), as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the After-Hours Violation Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200(c)(1).

95. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the After-Hours Violation Class.

**COUNT IV**

**<u>Knowing and/or Willful Violations of the TCPA</u>**

**(On Behalf of Plaintiff and the Classes)**

96. Plaintiff re-alleges and incorporate paragraphs 1-68 as if fully set forth herein.

97. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

98. Defendant knew that it did not have prior express consent to transmit telemarketing text messages and knew or should have known that its conduct was a violation of the TCPA.

99. Defendant knew or should have known that Plaintiff's number was on the National Do Not Call Registry and that sending text messages to such numbers violated federal regulations.

100. Defendant knew or should have known that sending text messages during prohibited after-hours times (before 8:00 AM and after 9:00 PM) violated 47 C.F.R. § 64.1200(c)(1).

101. Defendant knew or should have known that continuing to send telemarketing text messages after receiving the request from Plaintiff not to receive telemarketing messages, violated 47 C.F.R. § 64.1200(d) and related TCPA provisions requiring entities to maintain internal do-not-call procedures.

102. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its telemarketing text messages and that that Plaintiff number was on the National Do Not Call Registry, that messages were being sent during prohibited after-hours times, and that an opt-out request was being ignored, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA and § 227(c)(5) of the TCPA.

103. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) and 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, pray for the following relief:

a. An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c. An injunction prohibiting Defendant from sending text messages during prohibited after-hours times in violation of 47 C.F.R. § 64.1200(c)(1).

d. An injunction requiring Defendant to implement and maintain proper internal do-not-call procedures in compliance with 47 C.F.R. § 64.1200(d);

e. An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, and to otherwise protect the interests of the Classes;

f. An award of actual and statutory damages for Plaintiff and each member of the Classes;

g. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demand that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: January 23, 2026 Respectfully submitted,

By: */s/ Scott Edelsberg*

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*